**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| TRUIST BANK, | : | |
| | : | CASE NO. _____ |
| Interpleader Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FINKLEA, HENDRICK & BLAKE, LLC | : | |
| and ESTATE OF RICHARD M. MANN, | : | |
| INCLUDING ANY AND ALL KNOWN | : | |
| AND UNKNOWN HEIRS AND | : | |
| BENEFICIARIES, INCLUDING BUT | : | |
| NOT LIMITED TO JAMES MANN, | : | |
| | : | |
| Interpleader Defendants. | : | |
| | : | |

**INTERPLEADER COMPLAINT**

Truist Bank, by its undersigned counsel and pursuant to 28 U.S.C. §§ 1335 and 1397, brings this interpleader complaint against Finklea, Hendrick & Blake, LLC ("FHB") and Richard M. Mann ("Mann") (collectively, "Claimants") to resolve conflicting and competing claims to $70,063.09 in funds (the "Fund") that are held in Mann's name, in an account at Truist:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    Truist Bank is a financial institution that is incorporated under the laws of and maintains its principal place of business in the State of North Carolina.

2.    FHB is a limited liability company organized under the laws of the State of South Carolina. Each of FHB's members is a citizen of the State of South Carolina. Thus, FHB is a citizen of the State of South Carolina. As described below, Finklea may have an interest in the Fund.

3.    Mann is deceased. Upon information and belief, Mann died without a will. Truist has not yet identified all of Mann's heirs and beneficiaries. As described below, each of Mann's

heirs and beneficiaries may have an interest in all or a portion of the Fund. Truist thus far has identified one of Mann's heirs and/or beneficiaries, Mann's son, James Mann, who resides in and thus is a citizen of the State of Tennessee.

4.      James Mann is, as among the parties, uniquely positioned to identify Mann's other heirs and/or beneficiaries. Thus, James Mann should be compelled to identify all such individuals and entities.

5.      This Court has subject matter jurisdiction because the interpleader defendants are minimally diverse, and the sum at issue exceeds $500. *See* 28 U.S.C. § 1335.

6.      Venue is properly laid here because FHB resides in this District. *See* 28 U.S.C. § 1397 ("Any civil action of interpleader . . . under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside.").

## II.     FACTS

7.      On or about April 8, 2021, Mann opened a bank account ending in 6939 (the "6939 Account") at Truist Bank.

8.      On or about September 22, 2022, Claimant FHB wire-transferred $336,177.08 to Mann's 6939 Account.

9.      FHB has asserted that it was tricked into wire-transferring those funds.

10.     Mann died on or about December 27, 2023. Upon information and belief, Mann died without a will, and his estate was not probated.

11.     As of the date of this filing, Truist Bank holds $70,063.09 of the wire-transferred funds (the "Funds"), and it has restrained the 6939 Account.

12.     To date, Truist has been unable to determine which Claimant(s) has/have a legitimate interest in the Funds.

13.    Thus, Truist now brings this interpleader action, so the Court may determine which Claimant(s) is/are entitled to the Funds.

14.    Truist bank is an impartial stakeholder with no interest in the Funds.  Based on the information available to it, Truist Bank cannot determine who is entitled to the Funds.  Thus, Truist Bank now files this Interpleader Complaint, so the Court may determine who (as between Claimants) is entitled to the Funds.

<b><u>COUNT ONE – INTERPLEADER</u></b>

15.    Truist Bank incorporates all preceding paragraphs as if fully set forth herein.

16.    Each Claimant has asserted or may assert a conflicting interest in the Funds.

17.    Truist Bank is not in a position to weigh Claimants' conflicting claims to the Funds.

18.    Truist Bank is an impartial stakeholder with no interest in the Funds.

19.    Pursuant to 28 U.S.C. § 1335, Truist Bank seeks an order allowing the Funds to be deposited into the registry of the Court, so the Court may conduct proceedings to determine the proper disposition of the Funds.

WHEREFORE, Truist Bank respectfully requests that this Court: (1) allow Truist Bank to deposit the Funds into this Court's registry; (2) enter judgment in Truist Bank's favor and dismiss Truist Bank with prejudice from this action; (3) require Claimants to each appear and litigate among themselves their claims to the Funds; (4) require any Claimant who claims entitlement to some or all of the Funds to establish its or her respective claim, if any, and discharge Truist from any other or further liability relating to the Funds; (5) prohibit Claimants from instituting or further pursuing any other proceedings against Truist Bank, in any court or tribunal, for recovery of any portion of the Funds; and (6) award such other relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

Dated:  June 3, 2026

*s/Mary M. Caskey*

Mary M. Caskey
Haynsworth Sinkler Boyd
1201 Main Street, 22nd Floor
Columbia, SC 29201
Telephone: (803) 540-7870
mcaskey@hsblawfirm.com

*Counsel for Plaintiff Truist Bank*